UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SAMUEL LAJUANE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-3228 |
| | ) | |
| STATE OF ILLINOIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court granted Plaintiff's petition to proceed *in forma pauperis* (IFP) and dismissed Plaintiff's original complaint with leave to amend. (Doc. 23). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 26). The motion is granted.

The IFP statute requires the Court to dismiss a case at any time if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court accepts the factual allegations in Plaintiff's amended complaint as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges a series of claims mostly arising from a 2013 traffic stop that resulted in his arrest and prosecution. He asserts claims under 42 U.S.C. § 1983 and several federal criminal statutes against the police officers involved, the state court judge, prosecutors, and private

defense attorney involved in the subsequent prosecution, and the civil lawyer who brought a lawsuit on his behalf after the criminal charges were dismissed. Plaintiff also alleges an equal protection claim based upon his receipt of a CD-ROM labeled "Black Sheep" that contained "empty" files, constitutional claims related to police encounters that appear to have occurred between 2016-2022, and a claim based upon *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978), against the City of Springfield.

As discussed in the Court's previous order, the statute of limitations applicable to § 1983 brought in Illinois bars claims that occurred more than two years prior to the date Plaintiff filed this lawsuit. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). Any claims related to the 2013 traffic stop and arrest would have accrued no later than July 30, 2014, the date Plaintiff's criminal case was dismissed. (Doc. 26-1 at 8). No plausible inference arises that Plaintiff did not know about the events surrounding his arrest or the dismissal of the criminal charges against him, especially given that Plaintiff filed a civil lawsuit alleging constitutional violations shortly thereafter. *See Johnson v. City of Springfield*, No. 14-3304 (C.D. Ill., filed Oct. 6, 2014). Claim preclusion bars the claims Plaintiff brought, or could have brought, in that lawsuit. *Heard v. Tilden*, 809 F.3d 974, 978-79 (7th Cir. 2016). The federal criminal statutes do not authorize a civil cause of action.

Plaintiff also cannot proceed against the state court judge and prosecutors in his criminal case—these officials are entitled to absolute immunity for actions taken in their respective roles. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). The issues Plaintiff now presents regarding the court documents in that case do not permit a plausible inference that the judge lacked authority to enter orders setting future court dates, to grant the prosecutor's motion to

dismiss, or that any official acted in a manner that nullifies their immunity from suit. Plaintiff's claims against his attorneys are likewise untenable: criminal defense attorneys are not state actors for purposes of 42 U.S.C. § 1983, *see Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); and, Plaintiff does not have a constitutional right to effective assistance of counsel in a civil case. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017).

The remainder of Plaintiff's allegations are not sufficient to state a constitutional claim. Plaintiff does not have a First Amendment right to have police officers record his encounters with them on a body camera, the "Black Sheep" CD-ROM allegation does not permit a reasonable inference that officials treated him differently because of his race, he does not have a constitutional right to an investigation conducted by law enforcement, and the Court must abstain from interfering in any ongoing state criminal proceedings Plaintiff is challenging. Plaintiff cannot maintain a claim for failure to intervene, or pursuant to *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978), without an underlying constitutional violation.

For these reasons, and for the reasons stated in the Court's previous order granting Plaintiff's petition to proceed *in forma pauperis*, Plaintiff's second amended complaint is dismissed for failure to state a claim upon which relief can be granted and because the some of the officials he sued are immune from suit. Defendants' Motion to Dismiss and Motion for Leave to File a Motion to Dismiss are denied as moot.

The Court will grant Plaintiff one final opportunity to file an amended complaint. Plaintiff is advised that any amended complaint must contain all allegations against all officials he intends to sue. The amended complaint must stand on its own without reference to any prior complaint, and any claims or defendants not included will be considered abandoned. Plaintiff is advised further that he may not bring unrelated claims against different defendants in the same

lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [26] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915. Plaintiff shall have 30 days from the entry of this order to file a second amended complaint. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's second amended complaint will replace Plaintiff's original complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Defendants' Motions [28][29] are DENIED as moot.**

Entered this 15th day of March, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
